HEATHER S. WHITE (7674)
DANI N. CEPERNICH (14051)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
hsw@scmlaw.com
dnc@scmlaw.com

*Attorneys for Defendants Ogden City, Brandon Sevenski,
Nigil Bailey, Karson Garcia and John Poulsen*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JUAN MERCADO, ROSA MERCADO and ESTATE OF JOVANY MERCADO, <br><br>Plaintiffs, <br><br>vs. <br><br>OGDEN CITY, BRANDON SEVENSKI, NIGIL BAILEY, KARSON GARCIA, JOHN POULSEN, AND DET. TRENT FUSSELMAN; <br><br>Defendants. | **OGDEN CITY DEFENDANTS' ANSWER** <br><br><br>Case No. 1:20CV90 JCB <br><br>Magistrate Jared C. Bennett |

Defendants Ogden City (City), Brandon Sevenski, Nigil Bailey, Karson Garcia and John Poulsen (collectively Ogden Defendants) answer Plaintiffs' Complaint and Jury Demand (Complaint) as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which this Court may grant relief.

## SECOND DEFENSE

Defendants admit the following facts:

1. The City is a municipality incorporated under the laws of the State of Utah.

2. Officers Sevenski, Bailey, Garcia and Poulsen were employed as law enforcement officers with the City at the time of the incident alleged in Plaintiffs' Complaint.

3. On August 16, 2019, someone at a private outdoor gathering near 800 32nd Street in Ogden, Utah called 911 to report a man he did not know in the caller's driveway with a six-inch pocketknife out, not making sense.

4. The caller described the man as in his late 20s, of medium build, about 5'10" tall, Hispanic, and wearing a blue tank top and gym shorts.

5. The caller subsequently reported that the man had left the driveway and entered a neighboring carport.

6. Dispatch notified Ogden law enforcement officers of a weapons disturbance at a party involving a male with a six-inch knife who was of medium build, about 5'10" tall, Hispanic, and wearing gym shorts.

7. Officers Sevenski, Bailey, Garcia, and Poulsen responded in marked cars. They were all wearing police uniforms.

8. Officers Sevenski, Garcia, and Poulsen were wearing body cameras.

9. Officer Bailey's body camera had been malfunctioning, and he received permission prior to his shift to work his shift without it.

10. The interaction between the officers and the man is captured on the officers' body cameras. True and correct copies of those recordings have been Bates numbered OC-000042-45

and provided to Plaintiffs in response to their GRAMA request. Defendants deny all allegations inconsistent with those recordings.

11. When Officers Sevenski, Bailey, and Poulson arrived, they found the man behind a car in the carport at 842 32nd Street. The officers did not know who he was or if he was authorized to be there.

12. It was dark, and the officers had their flashlights on as they approached.

13. The man did not verbally respond when addressed by the officers. Instead, he looked at the officers, moved the knife he was holding from his right hand to his left hand, and flipped open the blade of the knife.

14. The officers all drew their weapons and began ordering the man to drop the knife. Their commands were not conflicting or confusing. They simply told him over and over to drop the knife.

15. Officer Garcia arrived and saw Officers Sevenski, Bailey and Poulson with their guns drawn telling the man to drop the knife. He drew his weapon.

16. Instead of dropping the knife, the man began walking toward the officers.

17. The officers continued to repeatedly order the man to drop the knife. He did not, and kept walking toward the officers.

18. As the officers backed away, they kept ordering the man to drop the knife.

19. Behind the offices were parked cars and people outside at or near the neighbor's home.

20. The man continued to walk toward them.

21. When the man reached the sidewalk and did not stop or drop his knife, the officers shot him.

22. The officers handcuffed him, as trained to do for safety, called for medical assistance, and began to provide medical care.

23. Defendants later learned that the man who had been shot was Jovany Mercado and that he died from his injuries.

Defendants deny each and every other allegation of Plaintiffs' Complaint except as specifically admitted.

**THIRD DEFENSE**

The Ogden Police Department is not an entity amenable to suit.

**FOURTH DEFENSE**

Plaintiffs lack standing to pursue the claims asserted and have failed to join indispensable parties.

**FIFTH DEFENSE**

This Court lacks subject-matter jurisdiction because Defendants did not violate Plaintiffs' constitutional rights.

**SIXTH DEFENSE**

Defendants did not violate Plaintiffs' clearly-established, particularized, constitutional, statutory or common-law rights or privileges.

**SEVENTH DEFENSE**

Defendants acted in good faith, without malice, and their acts were justified and reasonable under the circumstances.

### EIGHTH DEFENSE

Defendants are not liable under 42 U.S.C. § 1983 based on *respondeat superior* or any other theory of supervisory or derivative liability.

### NINTH DEFENSE

Any constitutional violation that allegedly occurred was not the result of a deliberately-indifferent custom, policy or practice of the City.

### TENTH DEFENSE

Defendants are entitled to absolute and/or qualified immunity.

### ELEVENTH DEFENSE

Defendants cannot be liable for any wrongful conduct committed by individuals or entities over which Defendants had no control.

### TWELFTH DEFENSE

Plaintiffs' claimed injuries were the result of an independent intervening and/or superseding cause.

### THIRTEENTH DEFENSE

Defendants are absolutely immune from Plaintiffs' state law claims and those claims are barred by the Governmental Immunity Act of Utah, including, but not limited to, Utah Code Ann. §§ 63G-7-201, 63G-7-202 and 63G-7-301, and further by Plaintiffs' failure to comply with the appropriate provisions of that Act, including, but not limited to Utah Code Ann. §§ 63G-7-401, 63G-7-402, 63G-7-403 and 63G-7-601. Accordingly, the Court lacks subject-matter jurisdiction with respect to Plaintiffs' state law claims.

## FOURTEENTH DEFENSE

Plaintiffs' state law claims are barred by their federal constitutional claims.

## FIFTEENTH DEFENSE

Defendants' potential liability for Plaintiffs' state law claims is limited to the maximum sum provided by Utah Code Ann. § 63G-7-604.

## SIXTEENTH DEFENSE

The individual Defendants did not act, or fail to act, through fraud or willful misconduct, as required by Utah Code Ann. § 63G-7-202.

## SEVENTEENTH DEFENSE

Any injury or damage Plaintiffs sustained was caused or contributed to by their own fault, which equals or exceeds that of Defendants, if any, thus barring recovery pursuant Utah Code Ann. § 78B-5-817 through 78B-5-823.

## EIGHTEENTH DEFENSE

Any injury or damage Plaintiffs sustained was solely caused or contributed to by the fault of codefendants and/or third persons not presently parties to this action and fault should be allocated to each under Utah Code Ann. §§ 78B-5-817 through 78B-5-823.

## NINETEENTH DEFENSE

Plaintiffs failed to mitigate their damages, and thus, any potential recovery must be reduced or barred.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred by the public duty doctrine.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel, laches and/or unclean hands, last clear chance, assumption of the risk and waiver.

## TWENTY-SECOND DEFENSE

Plaintiffs are not entitled to a jury trial on their claims for equitable relief.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred by the statutes of limitations, Utah Code Ann. §§ 78B-2-307, 78B-2-304(4), and 63G-7-403.

## TWENTY-FOURTH DEFENSE

Plaintiffs' punitive damage claim is barred by, *inter alia*, the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, federal common law, Article I, Sections 7, 9, 10, 11, 12, 13, 18, 22 and 24 of the Utah Constitution, and the Governmental Immunity Act of Utah, § 63G-7-603.

WHEREFORE, Defendants request that the Court dismiss Plaintiffs' Complaint, that Plaintiffs take nothing thereby and that the Court order Plaintiffs to pay Defendants their costs and attorney fees pursuant to 42 U.S.C. § 1988 and Utah Code Ann. §§ 78B-5-825 and 78B-3-104.

## **JURY TRIAL DEMANDED**

Defendants hereby request a jury trial on all claims at law.

DATED this 1st day of September, 2020.

                              SNOW CHRISTENSEN & MARTINEAU

                              */s/Heather S. White*
                              Heather S. White
                              Dani N. Cepernich
                              *Attorneys for Ogden Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of September, 2020, I electronically filed the foregoing **OGDEN CITY DEFENDANTS' ANSWER and JURY DEMAND** with the Clerk of the Court using the CM/ECF System:

>Robert B. Sykes
>C. Peter Sorensen
>Christina D. Isom
>Sykes McAllister Law Offices, PLLC
>311 S. State Street, Ste. 240
>Salt Lake City, UT 84111
>bob@sykesmcallisterlaw.com
>pete@sykesmcallisterlaw.com
>christina@sykesmcallisterlaw.com
>
>Mario Arras
>Mario Arras Law Firm, PLLC
>4001 S. 700 E., Ste. 500
>Salt Lake City, UT 84107
>attorneymarioarras@gmail.com
>
>*Attorneys for Plaintiff*

/s/De Anne W. Barron

4816-3571-4249, v. 3