Robert B. Sykes (#3180)
C. Peter Sorensen (#16728)
Christina D. Isom (#17244)
**SYKES MCALLISTER LAW OFFICES, PLLC**
311 S. State Street, Suite 240
Salt Lake City, Utah 84111
Telephone No. (801) 533-0222
bob@sykesmcallisterlaw.com
pete@sykesmcallisterlaw.com
christina@sykesmcallisterlaw.com

Mario Arras (#13036)
**MARIO ARRAS LAW FIRM, PLLC**
4001 South 700 East, Suite 500
Salt Lake City, Utah 84107
Telephone No. (801) 635-0403
AttorneyMarioArras@Gmail.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| JUAN MERCADO, father, heir and personal representative of JOVANY MERCADO, deceased; ROSA MERCADO, mother and heir of JOVANY MERCADO; and ESTATE OF JOVANY MERCADO, by its Personal Representative Juan Mercado,<br><br>Plaintiffs,<br><br>vs.<br><br>OGDEN CITY, by and through its POLICE DEPARTMENT (OPD); OFFICERS BRANDON SEVENSKI (Officer No. 1); NIGIL BAILEY (Officer No. 2); KARSON GARCIA (Officer No. 3); JOHN POULSEN (Officer No. 4); DET. TRENT FUSSELMAN; and JOHN and JANE DOES 1-10,<br><br>Defendants. | **OBJECTION TO OGDEN DEFENDANTS' FACTS AS CITED IN THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 1:20CV90 RJS<br><br>Judge: Robert J. Shelby |

# MOTION

Plaintiffs move the Court as follows:

1. **Exclude Facts Outside of Pleadings.** For an order excluding Defendants facts used in their Motion for Judgment on the Pleadings (MJP) because said "facts" (a) largely constitute new facts not referenced in the Complaint; (b) are largely outside the scope of an MJP as contemplated by the federal rules, and (c) are false, misleading, and/or misstated. If these "facts" were to be considered by the Court, it would place on Plaintiffs an unfair and prejudicial burden because discovery has not taken place in this case.

2. **Deny MJP & Compel Discovery.** In the alternative, for an order summarily denying the MJP, or staying any decision on the MJP, Doc. 27, and allowing discovery to go forward per the Scheduling Order dated October 19, 2020.

3. **Convert the MJP to a MSJ and Deny.** Federal Rule of Civil Procedure 12(d) states if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment, under Rule 56." If the Court decides not to exclude the facts referenced by Defendants, it must convert the MJP to a Motion for Summary Judgment (MSJ) and summarily deny it because material questions of fact exist. Additionally, Defendants should not be allowed to induce the Court into ruling on an MSJ disguised as a MJP in order to win this case.

# MEMORANDUM IN SUPPORT OF MOTION

Plaintiffs believe that Defendants' citation of Facts, almost all of them, have gone far outside the pleadings. They cite two dozen or more "facts" based on a one-sided interpretation of videos that were not part of the Complaint. The Court should not consider them because Defendants have violated MJP legal standards. The Court should, under well-established law, exclude all the evidence cited in their MJP (Doc. 27). In the alterative the Court should deny the MJP and order discovery, or treat the MJP as a Motion for Summary Judgment (MSJ) under Rule 56.

# FACTS

The following facts are relevant to this motion:

1. **MJP filed 01/12/2021:** Defendants Ogden City, Brandon Sevenski, Nigil Bailey, Karson Garcia, and John Poulsen (collectively, the Ogden Defendants) filed a MJP with this Court on January 12, 2021.

2. **Reference to Facts Outside the Pleadings.** The Statement of Facts, pp. 4-9, are not those alleged in Plaintiffs' Complaint (Doc. 2). Instead, these "facts" refer to videos and audio outside of the pleadings. These Facts are largely conjecture and are not supported by the well-pled facts in the Complaint.

3. **Made Up Facts.** Additionally, Defendant made up allegations about Jovany that are wholly inaccurate and have no basis in the pleadings currently before the Court (i.e. Jovany was thought to be committing a "home invasion").

# ARGUMENT

## I. Exclude Facts Outside of Pleadings.

Tremendous prejudice is sought to be introduced by Defendants' misstatement of Facts in the MJP. Doc. 27, p. 4-9. Defendants recite "facts" which are obviously outside the Complaint to backdoor Plaintiffs into responding to a *de facto* Motion for Summary Judgment without first going through Discovery. The taint of this is sewn throughout their MJP as they misstate or mischaracterize the well-plead facts alleged in the Complaint (Doc 2), cite to videos outside the Complaint, and make up additional speculative facts as they go along.

A good example is Defendants' claim "Jovany was reported to be involved in an ongoing weapons disturbance, and may have been in the process of a possible home invasion." Doc. 27, p.25. This statement is false and not supported by any facts alleged in the Complaint, Doc. 2. Defendants intentionally try to characterize Jovany was a felon committing a crime. But the Complaint makes it clear Jovany was committing **no crime**, **making no threats**, was in the middle of a **mental health crisis**, and on ***his own property*** when he was shot and killed by Officers. Doc. 2 ¶¶ 18, 19, 20, 21, 22, 23, 24, 30, 32, 56, 57, 59, 60, 61, 63, 64, 65, 67.

Another example is the allegation that "the officer[s] did not have any information identifying the man or his mental health including whether he was 'mentally ill/or emotionally disturbed.'" Doc. 27 p.9, ¶29. Defendants cite ¶161 of the Complaint. But that paragraph says just the opposite, i.e., "[p]rior to Jovanny's unnecessary death, . . .

Defendants **knew that Jovany was probably mentally ill and/or emotionally disturbed**, based on the 911 call." Doc. 2 ¶161 (emphasis added). The Complaint further alleges an individual apparently called 911 and stated that Jovany was either intoxicated or disoriented. The call made it clear that Jovany was likely having "an episode of mental illness" and that the Officers were responding to a "welfare check." Doc. 2 ¶¶23, 30. The Court should reject the unwarranted backdoor approach to summary judgment without discovery. This Court must exclude the facts in Defendants' MJP. Doc. 27.

## II. Deny MJP and Compel Discovery.

Defendants' MJP under Rule 12(c) should be denied because it has referenced facts that are currently unknown to Plaintiffs. Discovery has not been conducted in this case and should be allowed to move forward under the Scheduling Order (Doc. 22) filed October 19, 2020.

Defendants' mischaracterization of the facts in the Complaint, Doc. 2, make it clear that Plaintiffs' Complaint is sufficient to establish "a claim to relief that is plausible on its face." *Dorf v. Bjoorklund,* 531 F.App'x 836, 837 (10th Cir. 2013). Additionally, it shows that material questions of fact do exist and cannot be ruled on at this stage as a matter of law.

## III. Convert MJP to MSJ and Deny.

Rule 12(d) states that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." In the alternative, if the Court is reluctant to exclude the facts in Defendants' MJP or compel

discovery, Plaintiffs request the following relief: Treat the MJP as a Motion for Summary Judgment and deny it because material questions of fact exist that cannot be ruled on as a matter of law.

## CONCLUSION

Plaintiffs are not filing this motion to cause any undue burden or delay but are filing this motion because they believe they have an obligation of candor to this Court. That duty demands that this MJP and its facts be excluded.

## PRAYER FOR RELIEF

Plaintiffs pray that in light of the evidence presented in this Motion, this Court will:

**1**. Exclude Defendants' Facts in their Motion for Judgment on the Pleadings, and thereafter deny the Motion.

**2**. In the alternative, issue an Order denying the MJP and compelling discovery as per the October 19, 2020 Scheduling Order.

**3**. In the alternative, convert Defendants' MJP to a MSJ and deny it because material questions of fact exist that cannot be decided as a matter of law.

DATED this 23rd day of February, 2021.

        SYKES MCALLISTER LAW OFFICES, PLLC

        */s/ Christina D. Isom*
        ROBERT B. SYKES
        C. PETER SORENSEN
        CHRISTINA D. ISOM
        *Attorneys for Plaintiffs*

**MARIO ARRAS LAW FIRM, PLLC**

MARIO ARRAS
*Attorney for Plaintiffs*