HEATHER S. WHITE (7674)
DANI N. CEPERNICH (14051)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
hsw@scmlaw.com
dnc@scmlaw.com

*Attorneys for Defendants Ogden City, Brandon Sevenski,
Nigil Bailey, Karson Garcia, and John Poulsen*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JUAN MERCADO, ROSA MERCADO and ESTATE OF JOVANY MERCADO,<br><br>Plaintiffs,<br><br>vs.<br><br>OGDEN CITY, BRANDON SEVENSKI, NIGIL BAILEY, KARSON GARCIA, JOHN POULSEN, AND DET. TRENT FUSSELMAN;<br><br>Defendants. | **RESPONSE TO PLAINTIFFS' OBJECTION TO OGDEN DEFENDANTS' FACTS AS CITED IN THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br><br>Case No. 1:20CV90 RJS<br><br><br>Judge Robert J. Shelby |

Defendants Ogden City, Brandon Sevenski, Nigil Bailey, Karson Garcia, and John Poulsen (collectively, the Ogden Defendants) respectfully request that the Court deny Plaintiffs' request for relief regarding their objections to the facts asserted in the Ogden Defendants' motion for judgment on the pleadings. Plaintiffs' allege that because the Ogden Defendants refer to recordings of the incident, these facts are outside of the pleadings, improper, and should not be considered. Plaintiffs' objection is procedurally improper, as it is essentially a motion to strike

evidence. The proper procedure is to object to the admissibility of the evidence, which Plaintiffs have not done. Additionally, the objection is procedurally improper as it seeks other forms of relief beyond simply objecting to evidence and asking the Court to disregard it. For example, Plaintiffs ask that the Court deny the Ogden Defendants' motion, convert the motion to a motion for summary judgment, and compel discovery. This goes beyond simply an objection to the admissibility of the evidence, and the Court should deny this relief in its entirety.

## ARGUMENT

Plaintiffs ask this Court to (1) exclude facts used in the motion for judgment on the pleadings; (2) deny the motion and compel discovery; and/or (3) convert the motion to a motion for summary judgment and summarily deny it because of material questions of fact. The Court should overrule each of these "objections" and deny each of these requested forms of relief.

**A. The Court can properly consider the recordings submitted with the Ogden Defendants' motion.**

Plaintiffs first request that the Court exclude the recordings as they are "facts outside the pleadings. The Ogden Defendants recognize that, generally, "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). "However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss,[1] the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and

---

[1] As detailed in the motion, a motion for judgment on the pleadings is treated as a motion to dismiss. *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019).

2

the parties do not dispute the documents' authenticity." *Id.* (cleaned up). These requirements are met.

The recordings are referenced in Plaintiffs' complaint. (*See* Compl. [Dkt. No. 2] ¶¶ 59, 70, 168). In fact, Plaintiffs affirmatively rely on the body camera video footage in their complaint, alleging that "the *video confirms* that he made no threating [sic] movements towards the Officers." (*Id.* ¶ 59.) And, only a few paragraphs later, Plaintiffs again directly reference the "body camera videos." (*Id.* ¶ 70.)

Additionally, the recordings are central to the claims at issue as they provide multiple angles and viewpoints depicting the incident and the Officers' actions. Plaintiffs have not claimed that the recordings have been doctored, altered, or that they are otherwise not authentic. Because Plaintiffs have not objected to the authenticity of the recordings, the Court can properly rely on them and should not exclude them. *See Carabajal v. City of Cheyenne, Wyoming*, 847 F.3d 1203, 1207 (10th Cir. 2017) ("Here, the events were captured on video, and as in *Scott*, there are no allegations that the footage has been doctored or altered. Accordingly, we rely on this evidence here.").

Furthermore, the Court need not accept any of Mercados' allegations that are inconsistent with what is depicted in the recordings. As the Tenth Circuit has explained, "To the extent that the synchronized video unmistakably establishes facts, we are to apply them, even if they are contrary to other evidence, such as testimony." *Estate of Valverde ex rel Padilla v. Dodge*, 967 F.3d 1049, 1055 (10th Cir. 2020)

**B. The Court should grant the Ogden Defendants' motion.**

Plaintiffs' next request is that the Court deny the motion for judgment on the pleadings and compel discovery. Without any support or citing any examples, Plaintiffs allege that the Ogden Defendants' motion should be denied "because it has referenced facts that are currently unknown" and "shows that material questions of fact do exist and cannot be ruled on at this stage as a matter of law." (Obj. [Dkt. No. 37] at 5.) This request appears to be something similar to a request under Rule 56(d) of the Federal Rules of Civil Procedure. It is inappropriate.

As an initial matter, Plaintiffs' request ignores the purpose of a motion for judgment on the pleadings: "As numerous judicial opinions make clear, a Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.). The Ogden Defendants' motion challenges Plaintiffs' ability to establish their claims in light of the undisputed information contained in the recordings regarding the incident.

Relatedly, Plaintiffs have failed to identify what specific discovery would be needed in light of the various recordings that captured the incident. Even in the context of a motion for summary judgment, Rule 56(d) "may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (cleaned up). "Rather, the party filing the affidavit must show how additional time will enable him to

4

rebut the movant's allegations of no genuine issue of fact." *Id.* (cleaned up).  Plaintiffs have offered no such explanation in connection with their objection.

As detailed above, the Court can appropriately consider the recordings in connection with the Ogden Defendants' motion for judgment on the pleadings.  Doing so, the Court should grant that motion for the reasons set forth in the motion and the Ogden Defendants' reply submitted herewith.

### C. The Court need not convert the Ogden Defendants' motion into a motion for summary judgment.

Lastly, Plaintiffs request that the Court convert the motion to a motion for summary judgment and deny it.  For the reasons set forth above, the motion is not transformed into a motion for summary judgment by virtue of including or relying on the recordings.  *See Alvarado, 493 F.3d at 1215*.  The Court should deny this request.

## CONCLUSION

Based on the foregoing, the Ogden Defendants ask that this Court overrule Plaintiffs' objections and deny the requests for relief contained in that objection in their entirety.

DATED this 9th day of March, 2021.

    SNOW CHRISTENSEN & MARTINEAU

    */s/ Heather S. White*
    Heather S. White
    Dani N. Cepernich
    *Attorneys for Ogden Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System:

>Robert B. Sykes
>C. Peter Sorensen
>Christina D. Isom
>Sykes McAllister Law Offices, PLLC
>311 S. State Street, Ste. 240
>Salt Lake City, UT 84111
>bob@sykesmcallisterlaw.com
>pete@sykesmcallisterlaw.com
>christina@sykesmcallisterlaw.com
>
>Mario Arras
>Mario Arras Law Firm, PLLC
>4001 S. 700 E., Ste. 500
>Salt Lake City, UT 84107
>attorneymarioarras@gmail.com
>    *Attorneys for Plaintiff*
>
>Noah M. Hoagland
>Jesse C. Trentadue
>Sarah Jenkins Dewey
>Suitter Axland, PLLC
>8 East Broadway, Suite 200
>Salt Lake City, UT 84111
>nhoagland@sautah.com
>jesse32@sautah.com
>sjenkins@sautah.com
>
>Brody E. Flint
>Roy City Attorney's Office
>5051 S 1900 W
>Roy, UT 84067
>bflint@royutah.org
>    *Attorneys for Defendant Detective Trent Fusselman*

                                              /s/ Annette Gamero