UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JUAN MERCADO; ROSA MERCADO; and ESTATE OF JOVANY MERCADO,<br><br>Plaintiffs,<br><br>v.<br><br>OGDEN CITY; BRANDON SEVENSKI; NIGIL BAILEY; KARSON GARCIA; JOHN POULSEN; and DET. TRENT FUSSELMAN,<br><br>Defendants. | **MEMORANDUM AND ORDER DENYING MOTIONS TO EXTEND DISCOVERY AND AMEND THE SCHEDULING ORDER AND TO STAY DISCOVERY (DOC. NOS. 107 & 108)**<br><br>Case No. 1:20-cv-00090<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

In this civil rights action, Juan and Rosa Mercado and the Estate of Jovany Mercado move to stay discovery, and to amend the scheduling order to permit the stay, until after the court rules on their motions to exclude experts.[1] The Mercados explain they "have significant objections" to four of Defendants' experts.[2] They contend amending the schedule and staying discovery will allow for full briefing on the motions to exclude and the ruling on those motions may narrow the scope of Defendants' expert testimony.[3] According to the Mercados, this would save time and money by simplifying

---

[1] (Mot. to Extend Expert Disc. Dates – Sixth Am. Scheduling Order (Mot. to Amend Scheduling Order), Doc. No. 107; Mot. to Stay Disc. Pending Rulings on Mots. to Exclude (Mot. to Stay Discovery), Doc. No. 108.)

[2] (Mot. to Amend Scheduling Order 2, Doc. No. 107.)

[3] (*Id.* at 3; Mot. to Stay Disc. 3, Doc. No. 108.)

the issues at trial.[4]  The Mercados also argue it would cause no prejudice or unnecessary delay as no trial date has been set, the parties are actively pursuing discovery, and the Mercados will receive no tactical advantage.[5]

For their part, Defendants argue the Mercados fail to show good cause because rather than contending they are unable to respond to Defendants' experts or need more time, they argue they might prevail on their motions to exclude.[6]  According to Defendants, a stay (and related extension) would unnecessarily delay an already long-delayed case, which prejudices Defendants and inconveniences the court.[7]  Finally, Defendants contend public interest weighs against a stay in this case, where it is already five years old.[8]  The Mercados' motions to stay discovery, and to amend the scheduling order to permit a stay, are denied.

## ANALYSIS

The Mercados have not justified staying discovery or amending the schedule a sixth time.  As a threshold matter, the motion to amend the scheduling order is

---

[4] (Mot. to Amend Scheduling Order 3, Doc. No. 107; Mot. to Stay Disc. 3, Doc. No. 108.)

[5] (Mot. to Amend Scheduling Order 3, Doc. No. 107; Mot. to Stay Disc. 3, Doc. No. 108.)

[6] (Opp'n to Pls.' Mot. to Amend Scheduling Order & Mot. to Stay Disc. (Opp'n) 4, Doc. No. 118.)

[7] (*Id.* at 5–6.)

[8] (*Id.* at 6–7.)

effectively a motion to stay discovery.[9]  The Mercados do not seek an extension to dates certain.  Instead, they ask to extend the expert rebuttal, expert discovery cut-off, and dispositive motions deadlines to 30 days, 45 days, and 75 days (respectively) after a ruling on their motions to exclude.[10]  But the Mercados have not shown discovery and the remaining deadlines should be stayed pending a decision on the Mercados' motions to exclude experts.

"The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings."[11]  But the authority to stay discovery is firmly within the court's discretion to manage its docket and discovery.[12]  In determining whether a stay is appropriate, courts consider factors such as "a party's interest in proceeding expeditiously, the potential prejudice to a party of a delay, whether a party faces extreme hardship in

---

[9] As the Mercados acknowledge, their motion to amend the schedule "requests essentially the same remedy" as their motion to stay discovery.  (Reply in Supp. of Mot. to Amend Scheduling Order & Mot. to Stay Disc. (Reply) 2, Doc. No. 130.)

[10] (Mot. to Amend Scheduling Order 2, Doc. No. 107.)  The Mercados' motion to stay motion overlaps with this request.  (Mot. to Stay Disc. 2, Doc. No. 108 (seeking an order staying "all further expert discovery, including disclosure of rebuttal experts," until the court "rules on" the Mercados' motions to exclude Defendants' experts "and/or grants" the Mercados' motion to amend the scheduling order).)

[11] *Peoples v. Long*, No. 1:20-cv-02116, 2021 U.S. Dist. LEXIS 212790, at *4 (D. Colo. Aug. 5, 2021) (unpublished).

[12] *See King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) ("District courts are properly granted broad discretion over discovery and scheduling matters . . . ."); *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("The ruling on the stay involved an exercise of discretion . . . ."); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

proceeding in the action, the convenience to the court, and the interests of non-parties and the public."[13]  The "proponent of a stay bears the burden of establishing its need."[14]

The Mercados have not demonstrated a sufficient need to stay discovery. Several factors weigh against doing so.  To start, the Mercados' asserted need is to see how the court rules on their motions to exclude.  They note they significantly object to four of Defendants' five experts.[15]  The Mercados argue staying the case would simplify the case and save time and money.  According to the Mercados, where their exclusion motions are based on questions of law, it makes little sense to focus on continued factual development.[16]  But they do not contend they are *unable* to respond to the experts under the current rebuttal deadline.  And although the experts might be excluded, they might not be.  Without more, the mere possibility of exclusion—even exclusion on legal grounds—does not establish a need to stay discovery.

---

[13] *Garner v. Cincinnati Ins. Co.*, No. 2:24-cv-00378, 2025 U.S. Dist. LEXIS 141654, at *5 (D. Utah July 23, 2025) (unpublished) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, at *4–5 (D. Colo. Mar. 30, 2006) (unpublished)).

[14] *Clinton*, 520 U.S. at 708.  In support of their argument, the Mercados rely on two patent cases. (Mot. to Stay Disc. 2 n.2, Doc. No. 108 (citing *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2016 U.S. Dist. LEXIS 123513, at *5 (D. Utah Sept. 12, 2016) (unpublished) (outlining three factors courts consider in assessing motions to stay pending conclusion of certain patent proceedings) and *Buttercup Legacy LLC v. Michilin Prosperity Co.*, No. 2:11-cv-262, 2012 U.S. Dist. LEXIS 59573, at *2–3 (D. Utah Apr. 26, 2012) (unpublished) (same)).)  But the Mercados fail to link the factors used in patent cases to expert discovery in a civil rights action.

[15] (Mot. to Amend Scheduling Order 2, Doc. No. 107.)

[16] (Reply 5, Doc. No. 130.)

Meanwhile, this case has been pending for more than five years. The parties have engaged in discovery for nearly two years.[17] Prolonging this aging litigation further is neither convenient for the court nor in the public's interest.[18] The Mercados' assertion that their proposal will allow the court to receive full briefing on motions to exclude is uncompelling.[19] Nothing about the current schedule or procedures inhibits the court's ability to fully and adequately address the Mercados' arguments, including its questions of law regarding Defendants' experts. Under these circumstances, the Mercados fail to demonstrate a sufficient need to stay discovery. For the same reasons, the Mercados have not shown good cause to amend the scheduling order for purposes of permitting a stay.[20]

---

[17] A previous stay lifted in February 2024 when the court issued its ruling on Defendants' motion for judgment on the pleadings. (Order Granting Stipulated Mot. to Stay Disc. Pending Decision on Mot. for J. on Pleadings, Doc. No. 32; Order on Mot. for J. on Pleadings, Doc. No. 65.)

[18] (*See* Fifth Am. Scheduling Order 1, Doc. No. 99 (explaining courts in this district have a "strong preference for resolving cases within three years of filing").)

[19] The Mercados argue the proposed stay provides no tactical advantage. (Mot. to Stay Disc. 3, Doc. No. 108.) Originally, the Mercados suggested their expert deadline should fall after the expert exclusion deadline—which would prohibit Defendants from moving to exclude the Mercados' experts. Recognizing this, the Mercados expressed an agreement in their reply to rework their deadlines to permit exclusion motions by Defendants. (Reply 3, Doc. No. 130 ("Plaintiffs had no intention of not extending discovery for exclusion motions filed by Defendants . . . [and] agree the amended deadlines should also include timing for *any* motions to exclude filed by Defendants.").)

[20] Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Mercados also cite Rule 6(b)(1)(A), under which a court may extend the time when "an act may or must be done" upon a showing of good cause. Fed. R. Civ. P. 6(b)(1).

For these reasons, the motions to amend the scheduling order and stay discovery[21] are denied. Because some deadlines passed while these motions were pending, the court amends the scheduling order as follows:

1. The deadline to serve rebuttal expert reports is extended to December 18, 2025.

2. The last day for expert discovery is extended to January 16, 2026.

3. The deadline for filing partial or complete motions to exclude expert testimony is extended to February 13, 2026.

4. The deadline for filing dispositive or potentially dispositive motions is extended to February 13, 2026.

5. The deadline for filing a request for a scheduling conference with the district judge for the purpose of setting a trial date if no dispositive motions are filed is extended to February 20, 2026.

6. All other deadlines remain unchanged.

DATED this 18th day of November, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[21] (Doc. Nos. 107 & 108.)